Case No. 24-1790, Hdeel Abdelhady v. George Washington University et al. Ms. Abdelhady for the imbalance, Mr. Endi for the evidence. Good morning, Your Honours. May it please the Court, Hdeel Abdelhady on behalf of myself. We have in this case two orders that are an issue. One, denying a motion to seal on remand from this Court. And the second, sua sponte, unsealing documents that were filed in support of the motion to seal and that had been sealed for nearly two years when the District Court, on its own initiative, unsealed them. This Court has jurisdiction under 28 U.S.C. 1291 from a final decision. The District Court entered a final decision in February of 2025 after this appeal was taken. Before that, the Court had jurisdiction under the Collateral Order Doctrine. That, I believe, is no longer an issue. On the merits, the documents that are an issue are 16 non-public documents that the George Washington University filed with its Rule 12b-6 and summary judgment replies. Importantly, in this matter, those replies and the motions that it filed were companion documents. Essentially, one motion. The District Court, in the remand order, made the important finding that the documents were, in fact, non-public. The District Court's languages, they were initially non-public until, of course, GW filed them on the public docket. That is not in dispute. The University didn't contest that below, but it claims in its brief where it refers to the documents as public documents. It didn't challenge that finding below, and it didn't cross-appeal. So it can't dispute that now. But, Hadi, how do you—so we review the District Court's determination on sealing for abuse of discretion, which is a fairly lenient standard. So how do you get past that standard? Where's the abuse of discretion in the District Court? Yes. There are multiple abuses of discretion, and I'll get to those, but let me note first that there's also a legal question here that you reviewed, DeNovo, and that is whether the documents are judicial records, and that's CNN v. FBI and other cases. On the abuse of discretion point, there are two principal issues. One is that the District Court's factual findings are erroneous. Its characterizations of the documents are not correct. For example, when it states that the documents, including GW's 12B6 reply, which is an issue, do not contain medical information, that's not factually accurate. They do contain medical information. The first exhibit to the summary judgment reply contains medical information. That's an abuse of discretion. With regard to the District Court's sua sponte unsealing of the motion to seal and its exhibits, the District Court's basis for that in the footnote that addresses it, not applying the Hubbard factors at all, the District Court stated that the documents were public docket. They were not public docket. In fact, one of the exhibits is a sealed docket from the D.C. Court of Appeals. The other is a DOES docket. That is not public. That is not in dispute. And the other documents are, ironically, HHS determinations that the university or medical providers in response to its subpoenas violated HIPAA rules in disclosing medical records. Those documents also contain medical information. The District Court characterized those as agency records, as if they are public. They are not public. They were never public. And they were filed to underscore the privacy interest that I asserted in the motion to seal. So those are abuses of discretion. In addition, the District Court stated, again, that GW-16 documents do not contain medical information that's not disclosed in the complaint. But this court in Abdel Haiti 1 already examined the record and determined that, in fact, the District Court was wrong in the initial order, and it is wrong, again, in this remand order. So that's the abuse of discretion, or those are the abuses. My understanding of this court's first decision was that the District Court had not given sufficient explanation, which isn't to say that the decision was incorrect. And on remand, the District Court did provide, you know, much fuller explanation of its determinations. Well, yes, it is true that the District Court, or the initial ruling from this court, was that the District Court did not provide explanation. However, in the decision, this court also explicitly stated that the District Court incorrectly determined that the documents that GW filed did not contain medical information that was disclosed in the amended complaint that's redacted. So that was a factual error, and this court specifically stated that in the Abdel Haiti 1 decision. This court also stated that the medical information should be under seal, and it is not under seal. Some of it is under seal, and some of it isn't. I'd like to also, Judge Rao, pick up on your point about the fuller explanation provided here. We have to maintain a dichotomy between the medical information and the non-medical information that is in the public or the non-public documents. The District Court did not apply the Hubbard factors, the five, to the public documents. It only applied it to the medical information, but we have two distinct categories of issue. So the District Court did not provide a full explanation on remand. It did so with regard to the medical information, although it did make factual errors. But we don't have a full explanation, and we don't have application of the five Hubbard factors. And the District Court does not have discretion to not apply the five factors. That is not a discretionary exercise. With regard to the question of judicial records, the 16 documents that GW filed are not judicial records. They are not subject to the public access doctrine for two reasons. One is because they were filed in bad faith and for improper purposes. The university explicitly stated in its 12B6 reply more than once that they were public documents, that they were public records. They were not. It's never substantiated that. So that was a bad faith way to get the documents into the record on the public document for the purpose of avoiding conversion under Rule 12D, because the university asked the court to take judicial notice, and the public documents misrepresentation was essential to that. The second reason is because the District Court states in the remand order that when it applied the first Hubbard factor, it stated that it considered the documents or the documents, excuse me, the public had a need to access the documents because GW filed them to refute and rebut the allegations in the complaint. GW had no right to do so in a 12B6 motion, not in a reply, and not without conversion under Rule 12D. So the judicial records assumption that the District Court makes throughout this remand order is not a correct assumption. That's a legal question that this court reviews de novo. League of Women Voters, in Ray Seald's case, the FEC case, and MetLife underscores that documents submitted into the record on the public docket in bad faith for improper purposes are not subject to the public access doctrine. This is an atypical case, and there is no question that the university misrepresented the documents as public record. That's in its replies. So we don't have a public access doctrine case. If we did have a public access doctrine case, reversal would still be warranted for the same reason that the first minute order was reversed in the first appeal. The court, again, stated that there was a public need, the first factor, because GW filed them to refute and rebut. That is not public need. As this court made clear in a case like EEOC v. National Children's Center, public need connotes some kind of a civic need. We don't have that here. We simply have a party filing something on the docket improperly and misrepresenting what those documents were. In terms of prior... Let me ask you, of the 16 documents to which you refer that GW filed, how many are still in dispute in the sense that they have not been sealed and they have not been redacted? All of the 16 documents? Excuse me. Every one of them? No, no. I'm sorry, Your Honor. I don't want to misspeak. That is not correct. I was going to say all of the 16. Some of the documents have been redacted pursuant to the district court's remand order. But how many remain unredacted? The first exhibit to the summary judgment reply remains unredacted and it contains medical information. And that exhibit is a single medical record? It's actually not a medical record. It's a DOES document that contains medical information. A DOES, Department of Employment Services? Yes, Your Honor. And what kind of document is it? It is a claim document. So was it part of the workers' compensation claim? That's right. It was the document that initiated that, that initially was the filing for the claim. That document has not been sealed? That document has not been sealed. But it was sealed by DOES by operation of law? Correct. It was not sealed by the DOES. It was never publicly accessible. So you made these arguments to the district court? Yes, and I submitted evidence. What was its response as to this one document? Well, initially, in the first-minute order, the district court didn't address it. In the remand order that's on appeal now, the district court does not address any of the documents. He does not address the claim document at all? I believe the district court does not specifically address that document. It is not one of the documents that it ordered sealed. And I'd like to – I can double-check that. I'm calling the counsel, excuse me. But what I'm trying to figure out is where are you in this case? There are things that you still want sealed or redacted. That's correct. Findings by the district court that you say are erroneous as a matter of fact. The district court has ruled, and has it not essentially issued a meet-and-confer order to you and GW University? Yes, the district court did issue – So can all of these issues be resolved? Just take a hypothetical here. You and GW, you meet, you reach agreement, and you submit a statement to the district court to that effect. Is that contemplated by the remand? That is not contemplated. By the order on remand, excuse me. I don't read the order that way. Would the district court – Would it not happen? I don't believe it can. In other words, you've been up here now a couple of times. That's right. One of the reasons oral argument can be helpful is to anticipate in order to avoid still another appeal where you are claiming factual error by the district court as well as legal error. I will ask counsel for GWU exactly what interests they have in fighting this So I understand why if there are records – when I think of medical records, I think of diagnoses, I think of tests, I think of examination records, why it has an interest in having those documents public when it has – I don't want to say settled, but the workers' compensation claim is over, although I know you don't think that was enough, but that's a different issue. So what's remaining in this case? If we just send it back to the district court and say you made a mistake here and you didn't do that there, then you'll come back and say, but he didn't do everything I want. And I thought the district court was trying to say, here on remand, here's my position, and I'm explaining it. And I'm not going to sit here, I think these are almost his words, and go through this document by document, but let the parties work this out. Well, and thank you for that practical aspect, because that's exactly what's going to happen is we probably will come back. I will come back. I will appeal again, and I don't want to do that, and I don't think I should be here for a second time. No, it would be more than a second time. No, I mean this time. What I'm getting at is why isn't the district court's meet-and-confer position the way this can be resolved? Well, I don't read the ruling as a meet-and-confer. I read it as the district court having made a decision about specific documents. And it said, I'm not going to go through all this. The party should meet and confer. That's right. It said that GW should confer with the plaintiff about the specific documents that are within the scope of the order. That is not all of the documents. And what else is there? Well, there's 16 documents, and there's this one document that you identify as a claim. That's all that you're writing about now. No, I need to correct myself. It's not the only document. That's one that contains medical information, as does GW's reply, Rule 12b-6. So that's 17 documents? That's 17 with that rule. That's correct with the 12b-6 reply. The issue still outstanding that the district court does not address in the remand order is that these documents were not public. They were submitted by the university. The district court is well aware of this argument. We doubt you. Okay. It ruled, all right? And then it said meet and confer. Well, I would be happy to meet and confer. But I'd also want to confer about the non-public status of these documents and the manner in which they made their way into the public docket. Meet and confer, in my question, speculates that were the parties to meet and confer, this might all be resolved. Well, I don't understand why GW would want to make public information that it will be able to use in litigation that you have brought. But why would it also want to make this public in terms of any document that you and the district court agree is a medical record? Well, I believe – Personal to you. But the important point here, Your Honor, is that the reason why the university wanted these to be public is because it wanted the district court to take judicial notice. Without the public record claim, the district court can't take judicial notice under 12b-6. What do you mean judicial notice? Of what? Of your medical records? Of the 16 documents. But they're all personal to you. Correct. And you're making claims based on those records. Well, I'm making claims – actually, I'm not making claims based on these particular records, but that's a merits question. No, no, no. You're not making any claims based on these 16 records? No. All you're trying to do is make them non-public. Correct. You're not trying to prevent GW from using them. That's right. In defending against whatever claims you may make. That's right. All right. But, again, and I know I'm way over time here, but, again, the way that these documents got into the record in the first place matters. We've heard that 17 times. Thank you, Your Honor. Mr. Ennis. Good morning. May it please the Court. My name is Jared Emig, and I represent the George Washington University. Your Honor, before I go into my outline, if I could respond to your question that you just raised, why does George Washington care? And that's a question that we've grappled with. No, no. My question is why does GW have an interest in making medical records, which it can use in defending itself against the plaintiff's claims, making the medical records publicly available to the general public? What interest does GW have when its own interests are fully protected if they're not public? I agree. And I think the problem of the medical records has been resolved. I think this Court's remand order in Abdel-Hady 1, the meat of it focused on medical information, the diagnoses, the doctors, the treatment. And Judge McFadden in his remand was very clear on that, that he weighed the Hubbard factors and he took light of this Court's ruling and held that there is no need for the public access doctrine has to take a backseat with respect to the medical records. So what Judge McFadden did was he ordered defendant GW to file redacted exhibits that make reference to treating doctors and injuries, specifically injuries that are not described in plaintiff's redacted amended complaint because plaintiff already put those. And we did that. We complied with Judge McFadden's order. I disagree with Ms. Abdel-Hady on that one exhibit, the Exhibit 1, which was the claim form that contained the name of the treating physician. Judge McFadden ordered us to file the redactions. We did that. The redacted copies are now filed. So there's nothing that's generally available to the public? With respect to the medical treatment, no, Your Honor, unless that one carve-out and that carve-out is if the cat's already out of the bag because of the redacted amended complaint. So what's the issue here? The issue, as I understand it, are these 16 exhibits that George Washington filed in support of. George Washington filed the two dispositive motions, motion to dismiss, motion for partial summary judgment. Ms. Abdel-Hady opposed them, and we filed replies. But have those 16 documents either been sealed or redacted by the district court now? Yes. So those aren't an issue? Well, no. As far as the redaction and sealing? Just with respect to the medical information, they've been redacted and sealed. But these exhibits contain other information other than medical. Can you give me a hypothetical? Sure. There's a notice of controversy that GW originally filed, controverting the workers' compensation case. But that's settled, or that's resolved. The workers' compensation case? She filed the claim, and GW paid. Paid some benefits, and under the workers' compensation law, her claim remains open, at least with respect to medical treatment, for the rest of her life. So that claim isn't. But the exhibits I filed were filed to show that Ms. Abdel-Hady filed a workers' compensation claim, accepted some benefits, and litigated through the workers' compensation process, because that was. All I'm getting at is you can do that with sealed documents. We can. Is there any interest that you have that requires these be public? The interest George Washington has is Ms. Abdel-Hady claims that these exhibits were filed in bad faith, and that's a very serious allegation. Judge McFadden found no elements of bad faith, but that remains in the public record. So to have this specter of exhibits being filed in bad faith without the public being able to see them. But counsel, I'm just trying to understand this.  Of course the claim of bad faith is very serious. And GWU wants to be able to confront that. But I don't read the district court as saying that that would justify making those records public. No, I agree. But the district court relied heavily on the public access doctrine, which really is the basis for all of this sealing versus non-sealing. And the court recognizes, this court has recognized, that it's a fundamental principle that the public has the right. No question about it. And this court doesn't like to seal or close arguments, much less issue opinions that aren't generally available. But there are circumstances where it's done. And I just, I'm having trouble understanding the argument here, because the district court was not suggesting the way I'm reading his opinion, that any of the plaintiff's medical records should be in the public domain. And yet it's clearly enabling GWU to defend against her claim. But that, I don't need the district court to say that, because she's accused you of bad faith, you would get the right to put this out for public consumption. I guess I take a different view. We have the public access doctrine, and this court is held. The public should be able to see the information that the court had available to it in reaching its decisions. It should be. And you know even better than I, multiple occasions when that doesn't happen because of the interests that people have in their personal medical records. And I think your honor's concern about medical records has been alleviated because all that's been redacted. We're just arguing over other documents, these 16 exhibits that no longer have medical information. We're just talking about does the body of these exhibits, which include a transcript from the worker's compensation proceeding, that didn't deal anything with medical records. It has correspondence between Ms. Abdel-Hadi and GW's counsel. It doesn't contain any medical information. So that went to the heart, or that supported GW's reply on its dispositive motions. The public should have the ability to see that. Now the fact that Ms. Abdel-Hadi doesn't want the public to see it, that's really not a fact that's a factor, but it's not really strong enough to overcome the public access doctrine. And it goes back to the heart of the question, why do we care? Why does George Washington care? Your honor, when Ms. Abdel-Hadi filed a 67-page complaint with 10 counts, including RICO, violation of her civil rights, fraud, abuse of process, those are not the types of claims that GW typically sees. That shows up in the Internet. It shows up on different listservs filed by plaintiffs. And the headlines are GW sued for racketeering. And that's out in the public space. Then we have the plaintiff filing within her amended complaint. She goes into great detail about her workers' compensation case. She states that she filed it. She states that George Washington filed a notice of controversy. She said GW scheduled independent medical evaluations. GW had a nurse practitioner or a nurse manager assigned to it. GW wrongfully paid or didn't pay benefits. They didn't pay her wage-stacking benefits. Explicit detail about her workers' compensation case. The exhibits that we filed simply correlate to those events. So what do you understand the judge's current order to me when he says, I'm not going to go through all these documents. The party should meet and confer. Yeah, I think what the judge says, where there's medical information, the party should meet and confer. Again, disagree with Ms. Abdel-Hadi. He explicitly stated meet and confer. When this order came in, I took first stab at preparing redactions for Ms. Abdel-Hadi. She returned comments. And ultimately, we filed the redacted comments. Medical stuff is taken care of. Then I read his order saying that the other exhibits, these 16 exhibits, since they no longer contain medical information, they fall within the public access doctrine because they were submitted to persuade the court, and the court issued its decision, although it may not have explicitly relied on it. It's public access. The public should have access to these documents. I think my time is up unless there's other questions. Thank you. Thank you. Jamie, why don't you take a minute? Thank you, Your Honors. First, the university has not articulated a reason why these need to be public in terms of the bad faith issue that we've been talking about. The reason that came up after it filed these documents, it was not motivation for it to file in terms of refuting any bad faith issue that was in the record. So there's no reason that GW has articulated still. I have an interest in the non-public status of these documents. It's provided under the district law, the WC Act. These are sealed documents, and it matters how these documents made their way into this record on the public docket. And that's what this court has said in the in-race sealed case, FEC, in the League of Women Voters cases, et cetera. The district court was not authorized to consider these documents under Rule 12b-6, and it did so, and it was not performing a judicial function. They are not judicial records. GW says the bad faith claim is serious. Indeed, it is. What's also serious is GW's claim in its brief in this case in the district court that I, an attorney, filed a sham affidavit in opposition to summary judgment, and that I denied filing the WC claim. None of those things are true, and I would urge the court to carefully review the record. So we have the bad faith and improper purpose of avoiding Rule 12d, plus the additional bad faith and improper purpose of the sham affidavit in fiction that GW still cannot cite. This is now the third proceeding that's an issue that's also serious. So, you know, seriousness goes both ways here. The medical information, you were just told there is no medical information. That's factually incorrect. At JA, the joint appendix sealed 20 is the claim form that references diagnosis, and it also references provider names. That remains unredacted on the public docket. And 71 of the sealed supplement, that's the 12b6 reply, screenshots of DOES documents that are an issue also containing diagnosis. That is not public. It is not in the redacted amended complaint. This court should reverse. And again, I urge the court to think about how these documents made their way into the public docket. That matters. Thank you very much.
judges: Henderson; Rao; Rogers